DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of two counts of rape, imposed a term of incarceration and ordered payment of costs and restitution. For the reasons that follow, this court remands this matter to the trial court for a finding as to the exact amount of restitution appellant is to pay.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The trial court erred when it ordered the defendant-appellant to pay an unspecified, unsubstantiated sum of restitution, court costs, and other unspecified costs."
 {¶ 4} On October 22, 2001, the trial court accepted appellant's plea of no contest to two counts of rape in violation of R.C.2907.02(A)(1)(b). Appellant's sentencing hearing was held on December 14, 2001. The trial court stated that appellant was to pay "the costs of prosecution and any fees pursuant to 2929.18(A)(4)," but made no mention of restitution. In the sentencing order filed on December 17, 2001, the trial court stated: "*** Defendant is ordered to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4)." Appellant asserts on appeal that the trial court erred by failing to hold an evidentiary hearing to establish the amount of court costs and restitution appellant was to pay.
 {¶ 5} R.C. 2929.18(A)(1) provides in relevant part:
 {¶ 6} "At sentencing, the court shall determine the amount of restitution to be made by the offender."
 {¶ 7} A review of the record shows that the amount of restitution appellant was ordered to pay was not specified either at the sentencing hearing or in the judgment entry of sentence. Accordingly, we find that the trial court erred by failing to determine the exact amount of restitution as required by R.C. 2929.18(A)(1).
 {¶ 8} Appellant also asserts that the trial court was required to specify an exact amount as to the costs of court and cites R.C.2929.28(A)(4) in support of his claim. R.C. 2929.28, however, deals with reimbursement by arsonists for costs of investigation and prosecution and therefore is not relevant to this case since appellant was convicted of rape, not arson. We note that while R.C. 2929.18(A)(4) provides the trial court with the authority to order the reimbursement by the offender of costs for sanctions incurred by the government, it does not require the trial court to specify the amount of those costs at sentencing. We therefore find this argument to be without merit.
 {¶ 9} Upon consideration of the foregoing, this court finds appellant's sole assignment of error well-taken in part and not well-taken in part.
 {¶ 10} On consideration whereof, this court finds that substantial justice was not done the party complaining. Judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the trial court for a determination of the exact amount of restitution appellant is to pay. Costs of this appeal are assessed to appellee.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
Richard W. Knepper, J., Judith Ann Lanzinger, J., Arlene Singer, J., JUDGE, CONCUR.